May it please the court, Mr. Propagni, good morning. My name is Richard Fredericks. I'm a panel attorney from Eugene, Oregon. I'm here representing Mr. Crampton, who was sent to prison for 15 years for possession of 40 bullets. Mr. Crampton was charged in a two-count indictment, 24 bullets in one count and 16 bullets in the other count, in violation of 18 U.S.C. 922G. Among other motions, we filed a motion to dismiss the indictment contending that it failed to state an offense. I would respectfully suggest to this court that one can arrive at that conclusion, that it failed to state an offense, looking at just two statutes and one Ninth Circuit case. I had trouble with it. Here's why I had trouble. As I understand it, if the state has totally restored the felon's rights to possess all types of guns, then the Federal Felon in Possession Law does not apply. The state here, for all types of firearms, the state here had restored some but not all. So the Federal Felon in Possession Law does still apply, and it applies even to firearms that the state has no right to object to the felon's possession. I thought that was clearly established under the cases. That's very clearly established under a U.S. Supreme Court case, Caroon, Judge, but that's a different situation than what we have here. Why? Because in Caroon, they talk about whether or not a convicted felon's gun rights, firearm possession rights, were restored in part or not. The Supreme Court said if there is any reservation, if there's any prohibition against possession of certain types of firearms, we are going to interpret 18 U.S.C. 921-820 to mean that you can't possess any firearms. But that's not what we have here. We have possession of ammunition, and this is all contained within Chapter 44 of U.S.C. 921-820, but the statute says if you've got a gun restriction, then you cannot possess ammunition. So the Federal law, Oregon doesn't prohibit your client from possessing ammunition, but it does prohibit him from possessing a gun. The Federal statute says if you are prohibited from possessing a gun, then you may not possess either a gun or ammunition. So the fact that the Federal statute, the Federal statute is very clear that he cannot possess ammunition. It has nothing to do with whether Oregon says you can possess ammunition or not. Interestingly, Judge, that's exactly, the Eighth Circuit thought it was very clear, and in the case of United States v. DeRue, they formed that very same conclusion. But our case, our circuit, United States v. Miller, is right on point, I would respectfully suggest. In Miller, it's a wonderful case for us. This individual had been convicted in Oregon. He was charged in Federal court with the same statute. He was charged with two counts in Federal court, one with possession of a firearm and one with possession of ammunition. Our court in Miller said, yes, the prosecution can go forward on the firearm, but not on ammunition. So we have a very clear split on a very straightforward issue between the circuits. Eighth Circuit says no. Our circuit clearly, under U.S. v. Miller, says yes. It is not unlawful to possess ammunition. We're going to defer to the state law on that subject, and therefore, this Federal prosecution for possession of ammunition is wrong. In our 1997, United States v. French Lee Miller, our circuit holds that directly. I might just point out that, you know, these laws come from Chapter 44 of USC, the firearms chapter, and there is no interchanging of ammunition and firearms anywhere in that chapter that I can determine. The chapter is 46 pages long. It defines ammunition. It defines firearms. It defines... Excuse me, counsel. Could we get back to your previous remark? Sure. Why isn't Miller bad law now? Because it's a 97 case and the Supreme Court's decision in Karen is 98. I don't think that Karen implicates this case. Again, Karen dealt with firearms and not ammunition. And admittedly, one could read 18 U.S.C. 921-A20 to mean if you are not allowed to possess a firearm, if your civil rights have not been restored to possess a firearm, you can't possess ammunition either. That's the DeRue case. But I would respectfully suggest that the Miller case still stands despite DeRue. I thought it was well established that if you couldn't possess guns, you couldn't possess ammo. I don't know where it's well established in that regard, Judge. But just to finish my point, there is no interchanging between the terms firearm and ammunition. 46 pages of this chapter and there's thousands or at least hundreds of distinctions made in that statute between firearms and ammunition. So one final point on this. How is a person to know this? How is an individual to know that I can't possess ammunition when this august court and us lawyers have a hard time wrangling over the issue? I mean, the statute ought to be clear on what conduct is criminally proscribed. Miller case says you can possess ammunition and I submit that is the law of this jurisdiction. As I mentioned, we raised a whole bunch of other motions. There are a couple I'd like to discuss. First, we argued that a short-barrel shotgun is not categorically a crime of violence, not a violent felony. And there's a case that supports that, a U.S. Supreme Court case, Leopold v. Ashcroft, in which the U.S. Supreme Court held that if a statute could be read to not involve a mens rea, then it could not categorically be deemed a crime of violence. Now the statute Mr. Crampton was convicted of, ORS 166-272, I would respectfully suggest is too broad. It can be read in a fashion that a person can be convicted without a mens rea. For example, we cited the Risley case, a state court case in which a person was found to have constructively possessed a short-barrel shotgun. He had no mens rea, he had no intent, he had no knowledge. He didn't know that the gun wasn't unregistered. He didn't know anything about the specifics of the firearm. Yet the court found him guilty of that just by constructive possession. So categorically, based upon Leopold v. Ashcroft, the conviction, the state court conviction, cannot be deemed a crime of violence. Remind us, did the Oregon restoration of rights apply to all firearms of any kind? No. No, I don't believe that a person convicted of a felony in Oregon may possess firearms, just ammunition. Did I answer your question? How do you get into, the reason I asked is I thought I must be forgetting something. I don't see how you can get through each step of this sentence at section 921, I think it is, the definition at 20. Oregon says you can't possess firearms. Well, I understand your point, Judge, that if the last sentence, if you can't possess firearms, then that means it's a crime punishable by more than one year, but I would just respectfully suggest that it can be read or interpreted another way, in the same way that Miller was. I mean, this law was in effect at the time that Miller was decided in 1997. Also, I might mention, I just don't get why it should be read in that way. He's, no question he was convicted of a crime. He got some civil rights restored in Oregon, but he didn't get them all restored. The Supreme Court seems to have made it clear, if you didn't get them all restored, at least with respect to guns, you're out of luck on the federal statute. And that seems to be the way the words go. Well, the statute was in effect at the time. Unless such restoration expressly provides that the person, we don't even get to the, unless he has had his civil rights restored, and it's interpreted as for all guns, I understand what you're saying. So what that means, he's still in the pigeonhole for the federal statute. He's still in the category of people who can't have anything the federal statute says he can't have. Not according to Ninth Circuit case law, United States v. Miller. And that's the one that's before Karen. Yeah. Thank you. Thank you, counsel. Thank you. Mr. Police, the Court. I'm Frank Papagni. I'm the assistant. Mr. Stringham handled this case. Three judges today have all dealt with issues raised by defense and answered by Judge Hogan. For example, in the Simpson case, Judge Bybee was on that panel. The Valerio case, Judge Kleinfeld was on that panel where he did the three-step process. And I think applicable to Mr. Frederick's argument about legalization of ammo in Oregon, but making it illegal under federal law, was this Court, Judge Kleinfeld's comment, citing United States v. Nix in the Valerio opinion, that the federal government makes it illegal to have eagle feathers. State law doesn't do that, and so we don't look to state law. As far as whether or not these were convictions that can count, Judge Thompson dealt with that in the Murillo case, and that's the issue that takes care of the first question, in fact, was Mr. Crampton convicted of some felons in this case? A couple drug-dealing cases and an illegal possession of a shotgun case. The argument that there was no mens rea under Oregon law for him possessing that shotgun, by the way, simply is answered in my brief. Oregon law requires a knowing element. That takes care of that argument. I understand the case Mr. Frederick just cited, but the statute seems to contradict that. It's very clear that you have to knowingly possess an illegal shotgun. As for my supplementary extrict record, it's fairly lengthy to include copies of those convictions. So he has the convictions. They're all one of a shotgun possession, short-barrel shotgun possession he had. Gets him more than one year, and his drug trafficking methamphetamine gets him up to 10 years. So the next question becomes, since he has the felony conviction used in the analysis in Delario and the analysis used in Simpson, if he has the conviction, was his civil rights restored or substantially restored? And the answer in this case is yes. In Oregon, as was mentioned in the Miller case, which we submit became not valid law after Carone was decided or Caron. Miller been overruled by? No. Caron? No. In fact, in my appellate brief, I point out to you folks that the Ninth Circuit has not directly addressed. Okay. We haven't said that, but is it the government's position that Miller has been overruled? It is. In fact, Judge Hogan made a point in his rather detailed opinion order to point that out. In fact, I can save some time in my argument by simply saying that the government's argument, which I used as a template for before Judge Hogan, was the Wilson case cited in my brief, which comes out of the Seventh Circuit at 437 Fed 3rd, 616 in the page. United States v. Wilson, 437 Fed 3rd, 616 in the pages that we're interested in deals with and that's 618 through 619. Essence in Wilson is that they point out that once you decide that he has the felony conviction and the person's civil rights have been restored, then you go to the unless clause that Caron decided, and that's where in the Simpson case and the Valerio case this Court went, and the answer is if the civil rights have been restored unless expressly there's a reservation prohibiting firearms. As Mr. Fredericks, my worthy adversary and friend, has pointed out, in Oregon it's against the law for felons to possess a firearm, and that's very specific. I cite the statute. Interesting enough, the restoration of civil rights in Oregon are covered by two statutes. One is the restoration rights statute, which gives him the right to vote again and to hold public office and hold positions of trust, those sort of things, but doesn't give him the right to possess a firearm. Then you go to the prohibition statute that says you're not supposed to possess a firearm if you're a felon, and there's a couple interesting sections in there which are inapplicable to Mr. Crampton. Marijuana dealing is one. If this conviction is 15 years or older, it's another. If there has been an expungement or a process that the felon's gone through, none of which Mr. Crampton did. So that means that that unless clause kicks in here, and as a consequence, the New Mexico law, which gave him back his rights in Judge Bivey's case, or excuse me, that was the Arizona case, and the New Mexico case, which is Judge Kleinfeld's, we get to the point where we see that it is perfectly appropriate for the government to prosecute him under 18 United States Code 922G1. And that's where we ended up, and that's where Judge Hogan ended up in making his ruling and denying these motions to dismiss. Now, Mr. Fredericks wants to make a policy argument saying, gee whiz, it's not fair that my client can legally have ammo under state law but can't do it under federal law. Well, the Wilson case makes that very strong argument on the page in which I need to read, I think. It says, we start with a fairly self-evident point that federal law, without reference to the law of any other jurisdiction, makes it a crime for a convicted felon to possess ammunition, and goes on to say it is irrelevant. In this case, Wisconsin. In our case, Oregon, does not prohibit felons with a discharge certificate, in that case restoration of civil rights, from possessing ammunition. So that's how Mr. Crampton got caught by the government in this case. As you recall the statement of facts, and which was gone into some detail in my brief, is that Mr. Crampton purportedly had a .357 when he was in one county, eluded police, there was some ammo found in the truck that was stolen, and we couldn't find the gun. He gets caught in another county as he's crawling out of the back window with the ammo in his back pocket, happens to be .357 ammo. The government, through me, did not ask the grand jury to indict him for a firearm because we didn't find one, and the star witness in this case, which I've given you her transcript of sentencing, was a drug addict and a liar. I chose not to use her as a star witness. So we used the ammo. Unless the court has any questions, I think I've given you the arguments I made in my brief, and I think the Wilson case was pretty helpful because it was post Karen. One last comment about Miller, kind of interesting, it's argued in this courtroom, is that the government conceded in Miller that the ammunition count should not count. If you look at page 553 in Miller, it says, the government has reviewed his position and has promptly conceded that Oregon law, at the time of Miller's parole, did not prohibit his possession of ammunition. Therefore, his conviction to count five must be reversed. My colleagues did that because at the time, the law as it existed did support the position Mr. Frederickson argues to you today. But since Karen was decided, as this court noted in the Quayle's decision, Karen has made it an all or nothing approach. Justice Kennedy, when he wrote Karen, made it really clear. The only way you look to state law is to see, is it a felony conviction? If it is, was the rights restored? If they were, is the prohibition against firearms still in existence? If they are, then we can prosecute under 18 United States Code, Section 922G. That is the template that was used in the Valerio case that Judge Feinfeld used that I've cited today. If there's any questions from the panel, if not, I'm done. Go ahead. Take a half minute or a minute. Karen was a tough case for the Supreme Court. It was 6-3. Two of the majority members are now not on the court. I'd make that point. Thank you. United States v. Crantham is submitted.
judges: Thompson, Kleinfeld, Bybee